UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HILL WINE COMPANY, LLC,　　　　　　　　　　　　　　　No. 14-10680

　　　　　　　Debtor(s).
_____/

Memorandum on Motions to Sell Free and Clear and Motion for Use of Cash Collateral
_____

　　　　Creditor Terry Otton is the uncle of a principal of the debtor. In October, 2012, the debtor executed a note to Otton for $1,250,000.00, to be secured by the debtor's 2012 red wine inventory. On March 3, 2014, Otton attempted to perfect his security interest with a UCC recording identifying "all of D's assets, including but not limited to wine, fixed assets and A/R." His note calls for interest at the rate of 20%.

　　　　The debtor's motion for leave to use cash collateral and a motion to sell certain wine free and clear of liens came on for hearing on June 3, 2014. Counsel for numerous secured creditors other than Otton appeared. After negotiations, all of the creditors except Otton agreed to a course of action. Otton took the extraordinary position that he was entitled to monthly interest payments as the cost of his consent.

　　　　Otton has an extremely weak legal position. Even if he is validly secured, he is junior to several other secured creditors. His note is almost assuredly usurious. The delayed perfection makes it almost certain that his security interest can be avoided, reducing him to the status of unsecured

creditor. It is not appropriate for the court to make final rulings on these issues at this time, but the undisputed facts establish a bona fide dispute both as to his security interest and the note. That is more than enough for the court to approve a disposition of estate assets free and clear of Otton's lien pursuant to § 363(f)(4) of the Bankruptcy Code

      Otton argues that he is entitled to monthly interest as a form of "adequate protection." The argument that a secured creditor is entitled to the time value of money was put to rest by the Supreme Court in *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). When reminded of this, his counsel argued that the value of Otton's secured claim was being diminished by the use of his dubious cash collateral. The court sees no merit to this position. If the debtor is insolvent, then Otton's security interest is almost certainly avoidable. If the debtor is solvent, the replacement liens and priority claim for any shortfall the court has previously ordered are sufficient to fully protect Otton while his cash collateral is being used.

      For the foregoing reasons, Otton's opposition to the agreement the debtor has made with the other secured creditors regarding the disposition of wine will be overruled and the agreement will be approved. The debtor's motion for use of cash collateral will be, as to Otton, granted on the same terms as previously ordered, at least until further hearing on June 25, 2014. Counsel for the debtor shall submit an appropriate form of order.

Dated: June 19, 2014

                                                      Alan Jaroslovsky
                                                      Chief Bankruptcy Judge

Case: 14-10680   Doc# 129   Filed: 06/19/14   Entered: 06/19/14 15:26:21   Page 2 of 2